UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAYLEEN DOMINGUEZ *and* YANEIRIS FERNANDEZ,

                                    Plaintiffs,

                        -v-

METROPOLITAN WIRELESS ANANDPUR INC., METROPOLITAN WIRELESS ANANTPUR BRONX INC., *individually and as successor to Metropolitan Wireless Anandpur Inc., and* SAB IMPEX INC., *individually and as successor to Metropolitan Wireless Anandpur Inc.*, NAMIT SAHNI, VEERU SINGH, and TALHA MUNIR,

                                    Defendants.

21 Civ. 2240 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Currently pending is a proposed default judgment against defendants Metropolitan Wireless Anandpur Inc. ("MWA"), Metropolitan Wireless Anantpur Bronx Inc. ("MWAB"), SAB Impex Inc. ("SAB"), Namit Sahni ("Sahni"), Veeru Singh ("Singh"), and Talha Munir ("Munir") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as pendent state claims under the New York Labor Law §§ 6 and 19 ("NYLL"), for violations of overtime laws, spread of hours pay, wage notice and statement violations, liquidated damages. Dkt. 28. Before the Court is the January 27, 2022 Report and Recommendation of Magistrate Judge Katherine H. Parker, recommending that the Court enter default judgment and that each plaintiff be awarded unpaid overtime wages, spread of hours wages, liquidated damages, and statutory damages. Dkt. 44 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Parker's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 23, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court enters default judgment and awards plaintiffs overtime wages, spread of hours wages, liquidated damages, and statutory damages consistent with the chart below:

|  | Jayleen Dominguez (as against defendants MWAB, SAB, Singh, and Munir) | Yaneiris Fernandez (as against defendants MWA and Sahni) | Yaneiris Fernandez (as against defendants MWAB, SAB, Singh, and Munir) |
|---|---|---|---|
| Overtime Wages | $2,686.28 | $1,868.29 | $3,339.03 |

2

| Spread of Hours Wages | $660.00 | $1,725.00 | $2,640.00 |
| Liquidated Damages | $3,346.28 | $3,593.29 | $5,979.03 |
| Statutory Damages – Wage Notices | $4,900.00 | $5,000.00 | $5,000.00 |
| Statutory Damages – Wage Statements | $5,000.00 | $5,000.00 | $5,000.00 |
| Total | $16,592.56 | $17,186.58 | $21,958.06 |

The Court further awards pre- and post-judgment interest. Pre-judgment interest is calculated at a rate of 9% per annum. For plaintiff Fernandez, such interest is calculated from May 13, 2020 on a principal of $3,593.29, as against defendants MWA and Sahni; and from September 28, 2020 on a principal of $5,979.03, as against defendants MWAB, SAB, Singh and Munir. For plaintiff Dominguez, such interest is calculated from November 1, 2020 on a principal of $3,346.28, as against defendants MWAB, SAB, Singh, and Munir.

The Court further awards post-judgment interest pursuant to 28 U.S.C. § 1961.

Finally, if any amounts remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by 15%, as required by NYLL § 198(4). *See Galicia v. 63-68 Diner Corp.*, 2015 WL 1469279, at *8 (E.D.N.Y. Mar. 30, 2015); *Elisama v. Ghzali Gourmet Deli Inc.*, 2016 WL 11523365, at *19 (S.D.N.Y. Nov. 7, 2016), *report and recommendation adopted*, 2018 WL 4908106 (S.D.N.Y. Oct. 10, 2018).

The Clerk of Court is respectfully directed to close the motion pending at Dkt. 28 and to terminate the case.

SO ORDERED.

/s/ Paul A. Engelmayer
PAUL A. ENGELMAYER
United States District Judge

Dated: February 11, 2022
      New York, New York